The opinion of the Court was delivered by
Wardlaw, Ch.
In the Circuit decree, this case is considered almost exclusively in reference to the liability of Judge Frost, and as if the predicament of Thomas L. Horry were identical. The Chancellor’s course of argumentation and judgment, however deficient in circumspection, was natural enough; for the burden of discussion before him was as to Judge Frost’s liability, and his attention was not specially invoked to differences in the cases of the co-defendants. On appeal, however, the case of Thomas L. Horry, is distinctively presented; still in the shape of appendix "to the grounds of appeal.
■ We have carefully conferred and deliberated as to this appeal, and we concur in the Chancellor’s judgment as to Judge Frost and wife, and consider it superfluous to extend his reasoning. We merely add some authorities that a covenant may be made by way of recital. Hollis vs. Carr, 2 Mod. 91; Severn and Clerkes case, Leonard’s R. 122; 3 Keble, 304; 2 *116 Black R. 820; 2 Lord Raymond, 683, 1242, 1480; 1 Phil. Evid. 355.
, We differ from the Chancellor as to the liability of Thomas L. Horry. Judge Frost was adjudged liable on his covenant to “ liquidate and discharge debts due by Elias. Horry to the amount of $27,580.74,” ascertained by the Masters statement, “ and also one-seventh part of any other debts which may not have been included in such statement through error or ignorance of the same.” But.Thomas L. Plorry made no such covenant. He does not in any form contract for liability for debts not included in the Masters statement. He agreed to accept in satisfaction of his claims under his father’s will, 'one-seventh part in value of the estates of his father and grand-father, with specific exceptions, deducting from the estimated value of his, share one-seventh of the debts of his father. All of these debts were then supposed to be mentioned in the Masters statement. In execution of this agreement specific property was delivered to him, and his share of the debts was paid. He received in the arrangement, estate of much less value; for example, about sixty negroes fewer than the share of his co-defendants. The adverse parties, for some reason, retained a portion of the estate to which he was apparently entitled under his father’s will, and exacted no engagement on his part for future contingent liability. His unfitness for the conduct of business may have been the inducement for consummating at once the compromise, so far as he was concerned, while it was left partly executory as to his brother-in-law. It would be unsafe, under such circumstances, to involve him in a covenant to pay debts omitted from the statement, by extending the construction of equivocal words in the recital of his covenant. We are satisfied of the intention of the parties, that the whole arrangement concerning his share should be complete and ended at the date of the covenant Where the obligation of a party exists only by virtue of a covenant, whether formally expressed or deduced from a iecital, its extent is measured by the words or fair intendment *117 of the covenant, and greater effect is not given to such a covenant in equity, than it has at law. Sumner vs. Powell, 2 Meriv. R. 36.
It is adjudged and decreed that the Circuit Decree be reversed as to Thomas L. Horry, and in other respects be affirmed.
Dunkin & Dargan, CC., concurred.
jDecree modified.